**FIDELITY & GUARANTY INSURANCE UNDERWRITERS, INC., Appellant,**

v.

**Terrance Roy GARDNER et ux., Appellees.**

No. 8176.

Court of Civil Appeals of Texas, Amarillo.

Sept. 13, 1971.

Rehearing Denied Oct. 11, 1971.

———◆———

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellant.

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellees.

REYNOLDS, Justice.

Fidelity & Guaranty Insurance Underwriters, Inc., has appealed from a judgment holding it liable under its policy of insurance for the loss of a roll of carpet stolen from the insureds' premises. Affirmed.

Trial was to the court on stipulated facts and the only question presented is whether the loss is covered by the insurance policy in force at the time of the loss. Appellees purchased new carpet to replace carpet originally installed in their dwelling. The carpet dealer delivered the new carpet and removed the old carpet and pad, leaving a rough and unfinished concrete floor. The new carpet with a pad underneath was to be installed over the concrete floor by the use of tackboards with molding attached to the wall on top of the carpet. By the time the old carpet was removed, it was too late in the day to install the new carpet. The carpet dealer took the old carpet with him and left the new carpet in appellees' attached garage to be installed on the following day. That night the garage was broken into and the new carpet was stolen. It was stipulated that the "carpet as originally installed was necessary and essential to the completeness of the floor in the dwelling," and that the new carpet was in replacement of the old carpet and was to be permanently attached.

The basic policy of insurance issued by appellant insured appellees' dwelling against the perils of fire and lightning with extended coverage, but contained no coverage for theft. A physical loss endorsement was attached to the policy and Section II thereof provided:

"EXCLUSIONS: This policy does not insure against—

\*       \*       \*       \*       \*       \*

"F. Loss by theft of any property: (1) which at the time of loss is not an integral part of any dwelling, private garage, \* \* \*."

Section IV A defined a dwelling and specified that a dwelling "shall also include, if not otherwise insured, materials in and ad-

jacent to the dwelling for making alterations, extensions, and repairs thereto."

The policy terms and provisions are unambiguous. Paraphrased, the policy endorsement provides that the policy insures against the loss by theft of any property which is an integral part of the dwelling, including "materials in and adjacent to the dwelling for making alterations, extensions, and repairs" to the dwelling. Under the facts of this case, the stolen new carpet was an integral part of the materials in and adjacent to the dwelling for making alterations and repairs to the dwelling, and thus within the protection afforded by the insurance policy.

The judgment of the trial court is affirmed.